# In the United States Court of Federal Claims

Case No. 09-856C
(FILED: January 14, 2010)
Not For Publication

```
*******************************************
IAP-LEOPARDO CONSTRUCTION, INC.,     *
              Plaintiff,             *
                                     *
        v.                           *
                                     *
THE UNITED STATES OF AMERICA,        *
              Defendant,             *
                                     *
        and                          *
                                     *
TRILLACORPE CONSTRUCTION, INC.,      *
              Intervenor-Defendant.  *
                                     *
*******************************************
```

*Daniel J. Donohue*, Akerman Senterfitt LLP, Vienna, Virginia, attorney of record for Plaintiff.

*Michael Paul Goodman,* Department of Justice, Washington, D.C., for Defendant.

*Ralph C. Thomas III*, Barton, Baker, Thomas, & Tolle LLP, McLean, Virginia, attorney of record for Intervenor-Defendant.

*Amelia C. Moorstein*, law clerk.

**ORDER/OPINION**

**BASKIR, Judge**

This is a post-award bid protest filed by IAP-Leopardo Construction, Inc. (Plaintiff) disputing a contract awarded by the National Guard to Intervenor Trillacorpe Construction, Inc. (Trillacorpe). Plaintiff argues that the National Guard improperly allowed Trillacorpe to correct its bid. Because the National Guard did not violate any law or regulations and had a rational basis for granting the award to Trillacorpe, we **DENY Plaintiff's Motion for Judgment on the Administrative Record** and **GRANT Defendant's Motion for Judgment on the Administrative Record**.

**I.	Background**

The facts in this case are taken from the Administrative Record (AR) and briefs filed by the parties. They are undisputed. On April 17, 2009, the National Guard issued an Invitation for Bid (IFB), W91364-09-B-0002, under a sealed bidding process for a fixed price contract for the construction of a Combined Support Maintenance Shop (CSMS) at the Defense Supply Center Columbus in Columbus, Ohio. The IFB solicited bids for two other projects not at issue in this protest, and all three projects could be bid together simultaneously.

On June 11, the National Guard conducted a public bid opening of the seven bids it received for the CSMS project. Plaintiff submitted the second lowest bid in the amount of $19,794,794.00 and Trillacorpe submitted a bid in the amount of $17,732,000.00. The Government estimate was $24,232,019.00. Both companies submitted bids for all three projects.

The next day, June 12, Trillacorpe wrote the Contracting Officer (CO), Elaine Farabee, notifying her of a mistake in its bid due to a mathematical error in the amount of $1,545,444.00. The letter stated that it could provide "clear and convincing evidence" of the mistake. AR 154. Trillacorpe requested permission to correct the mistake, or if the CO did not allow correction, it requested permission to withdraw the bid. The corrected bid would have resulted in a low bid in the amount of $19,074,444.00. On June 19, the chief of the contracting office ("chief CO"), Alan Rogers, denied Trillacorpe's request to correct its mistake and instead allowed it to withdraw the bid. Trillacorpe wrote the CO again on July 7, to report a $300,000 error in its bid on another project included in the solicitation. The letter requested permission to withdraw its bids for the other two projects.

Plaintiff received two letters from the CO on July 23. The first letter stated that its bid was the "low responsive bid" submitted under the IFB and requested that the Plaintiff provide the CO with more information regarding its finances and the history of its business. AR 160. The second letter stated that Plaintiff was the "apparent low" bid submission for the IFB and requested that Plaintiff extend its deadline for acceptance by an additional 30 days so the CO could process and award the contracts. AR 161. On July 27, Plaintiff extended its bid acceptance deadline by 30 days.

On July 31, Trillacorpe requested that it be allowed to correct the bid rather than withdraw because it believed the chief CO had incorrectly denied its June 12 request. Trillacorpe stated that the chief CO had incorrectly analyzed the request under FAR 14.407-2 and that under FAR 14.407-3 Trillacorpe should have been allowed to correct its bid. AR 163.

The chief CO responded to Trillacorpe's request on August 5, and granted Trillacorpe five days to provide clear and convincing evidence of the alleged mistake and of the bid actually intended. The chief CO directed Trillacorpe to submit the evidence to National Guard Bureau's Principal Assistant Responsible for Contracting (PARC) because only this individual had the authority to allow correction of a bid. AR 165. Trillacorpe responded on August 7 and elaborated on the alleged mistake. According to the letter, two quotes for the CSMS project were incorrectly entered into the worksheet: the plumbing quote was entered as $1,070.00 instead of $1,070,000.00 and the miscellaneous steel quote was entered as $52,946.00 instead of $529,460.00. Trillacorpe asserted that these mistakes made the bid $1,545,444.00 lower than it had intended. A quote for the plumbing dated June 11, a quote for the miscellaneous steel dated June 10, and a paper printout worksheet dated August 6, were attached to the letter.

On August 19, the PARC requested that Trillacorpe submit a sworn statement attesting to the authenticity of the materials submitted with the August 7 letter. AR 181. The letter also asked that Trillacorpe clarify what actions it had requested with respect to the other two bids. Trillacorpe responded on August 21 with a sworn declaration from its estimator, Larry Waterman, who was involved in the bid preparation. AR Tab 16. The PARC granted the request to correct the bid on August 26. The National Guard posted a notice of award of the CSMS project contract to Trillacorpe on September 9 in the corrected amount of $19,277,444.00. The total project amount included two bid items for CSMS options – Option 1 in the amount of $116,000.00 and Option 2 in the amount of $87,000.00.

Plaintiff filed a protest with the Government Accountability Office (GAO) on September 14, disputing the correction and award to Trillacorpe. GAO denied the protest on December 2, and Plaintiff filed a bid protest in this Court on December 11. Plaintiff's Complaint asserts that the National Guard violated (1) Federal Acquisition Regulation (FAR) 14.304(b)(1) because the National Guard accepted a late bid; (2) FAR 14.407-3 because Trillacorpe's request to correct its bid was a nonresponsive conditional offer; and (3) FAR 14.407-3(a) because Trillacorpe did not present clear and convincing evidence of the mistake and its intended bid.

Plaintiff does not dispute the fact that Trillacorpe's original bid contained the two errors. Rather, it contends that the chief CO's decision on June 19 to allow Trillacorpe to withdraw its original bid was effective. Thus, the corrected bid submitted August 26 was an improper new bid. It also contends that the subcontractor bid quotes and the affidavit of Mr. Waterman did not amount to "clear and convincing evidence" of the corrected bid.

## II. DISCUSSION

### A. *Legal Standards*

This Court has jurisdiction over bid protests pursuant to the Tucker Act, 28 U.S.C. §1491(b). Pursuant to the Tucker Act, we review the procuring agency's decisions under the standard of review set forth in the Administrative Procedures Act, 5 U.S.C. §706(2)(A) ("APA"). Under the APA standard of review, the Court has the authority to overturn agency actions that are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. *Id.* In reviewing the agency's action, the Court is limited to review of the administrative record already in existence and not a record made initially by the reviewing court. *Florida Power & Light v. Lorion*, 470 U.S. 729, 743-44 (1985). The court may not substitute its judgment for that of the agency's and must defer to the agency's decision if it has a rational basis and does not violate applicable law or regulations. *R & W Flammann GmbH v. United States,* 339 F.3d 1320, 1322 (Fed. Cir. 2003); *see also M.W. Kellogg Co. v. United States,* 10 Cl. Ct. 17, 23 (1986). A plaintiff which cannot show it will succeed on the merits cannot prevail on its motion for permanent injunctive relief. *Nat'l Steel Car, Ltd. v. Canadian Pacific Ry., Ltd.,* 357 F.3d 1319, 1325 (Fed. Cir. 2004).

### B. *Request for Bid Correction*

FAR 14.407-3 sets forth the guidelines and procedure for requests to correct and withdraw bids before award. Once a bidder alleges a mistake, it must make a written request to withdraw or modify the bid, and the request must include "all pertinent evidence." 48 C.F.R. § 14.407-3(g)(2). The guidelines clearly state that once a bidder provides evidence of the mistake, the contracting officer must forward the evidence to the "appropriate authority." 48 C.F.R. § 14.407-3(g)(3).

Other sections of FAR 14.407-3 specify which authorities may grant permission to correct or withdraw. FAR 14.407-3(a) states that the agency head may allow a bidder to correct a mistake upon request if the bidder provides clear and convincing evidence of the mistake and intended bid, and the new bid does not displace lower bids. 48 C.F.R. § 14.407-3(a). The agency head may allow correction even if the bidder requested withdrawal and also may determine that the evidence does not warrant either a correction or withdrawal. 48 C.F.R. §§ 14.407-3(b), (d). An "official above the contracting officer" may allow the bidder to withdraw if some evidence has been presented to the PARC, but the PARC has determined there is not enough to support bid correction. 48 C.F.R. § 14.407-3(c).

The agency head may delegate the decision-making responsibility to a "central authority, or a limited number of authorities as necessary." 48 C.F.R. § 14.407-3(e). The Army Federal Acquisition Regulation Supplement delegates the authority for

making determinations under FAR 14.407-3(a), (b), or (d) to the PARC and two other individuals.  AFARS 5114.407-3(e).  Chiefs of contracting offices may make determinations under (c) only if they have legal counsel available.  AFARS 5114.407-3(c).  The requirement that legal counsel be "available" presumably means that the chief of the contracting office actually uses legal counsel in making this decision, not simply that legal counsel are present in the office.

Trillacorpe's June 12 letter was a request to correct its bid.  It only requested to withdraw its bid if it were properly denied permission to correct the bid.  The CO did not follow the correct procedure in response to Trillacorpe's initial request.  First, Trillacorpe was never given the opportunity to present evidence of the mistake, so none of the relevant provisions under FAR 14.407-3 were triggered.  Even if the June 12 letter could be deemed to contain "evidence," only the PARC could grant or deny permission to correct under FAR 14.407-3(a), (b), or (d).  And although the chief CO has authority to grant withdrawal under FAR 14.407-3(c), he may only do so (1) if the PARC has determined there is not enough evidence to allow correction, and (2) if he has legal counsel available.

When the chief CO denied the request to correct Trillacorpe's bid and granted permission to withdraw, the PARC had not reviewed any evidence and there is no indication in the AR that the chief CO consulted with legal counsel prior to his decision.  The chief CO's action was therefore unauthorized and void in both respects.

Since Trillacorpe's request to correct its bid was not properly rejected, its bid was not effectively withdrawn.  The corrected bid was not a "late" bid because it was not a new bid.  Rather, it was a corrected version of the original bid.  Plaintiff also argues that the June 12 letter contained a nonresponsive bid because it was conditioned on the National Guard agreeing to the increased bid.  The regulations clearly allow a bidder to request permission to correct its bid, and Trillacorpe was following procedure when it submitted its request.  The letter cannot be construed as submitting an entirely new conditional bid.  Thus, the National Guard did not violate FAR 14.304(b)(1) nor FAR 14.407-3 in basing its award on Trillacorpe's revised low bid.

    C.    *Clear and Convincing Evidence*

FAR 14.407-3(a) clearly allows bidders to correct mistakes in their bids with the permission of the agency head or the delegated authority.  To receive permission, bidders must present "clear and convincing evidence" of the mistake and of the intended bid, and the new bid must not displace other low bids.  48 C.F.R. § 14.407-3(a).

We cannot substitute our judgment for the National Guard's and must afford deference to its decision if it has a rational basis and does not violate applicable law or regulations.  The evidence submitted by Trillacorpe was part of the National Guard's

consideration in granting the award.  Thus, the Court cannot examine *de novo* whether Trillacorpe presented clear and convincing evidence.

An examination of the Administrative Record leads us to conclude that the National Guard had a rational basis for finding clear and convincing evidence of both the mistake and the intended bid.  Trillacorpe presented quotes for the plumbing and for the steel costs dated before bid submission alongside a worksheet of all costs included in the overall bid.  AR Tab 13.  The difference between the amounts of these two items as intended versus as entered in the worksheet -- $1,545,444.00 -- is equivalent to the difference in the initial bid submitted versus the corrected bid.  The estimator who was involved in preparing the bid swore to the origins and consequences of the mistake.

Plaintiff argues that Trillacorpe did not present clear and convincing evidence because the worksheet was printed and dated August 6, and the affidavit does not explicitly say the printout is the same as it was on bid day.  We find it reasonable for the National Guard to have believed the worksheet was the same as prepared on bid day, given the detailed explanation set forth in the affidavit and the accompanying documents.

## III.   Conclusion

Plaintiff cannot prevail on the merits.  The National Guard's actions were in accordance with the law and the applicable regulations when it allowed Trillacorpe to correct its bid.  Its decision to allow Trillacorpe to correct its bid was not arbitrary or capricious because there was a rational basis for finding that Trillacorpe had provided the requisite clear and convincing evidence.

Accordingly, we **DENY Plaintiff's Motion for Judgment on the Administrative Record** and **GRANT Defendant's Motion for Judgment on the Administrative Record**.  The Clerk is directed to **enter judgment for the Defendant and DISMISS the Complaint.**

**IT IS SO ORDERED.**

                         s/ Lawrence M. Baskir
                         LAWRENCE M. BASKIR
                                 Judge